U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 7 2014
CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MABLE BLAIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-944-A |
| | § | |
| ADT (TYCO), | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| MABLE BLAIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-945-A |
| | § | |
| ALLY FINANCIAL CORP (GMAC), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Plaintiff, Mable Blair, filed both of the above-captioned actions on November 25, 2013, naming ADT (TYCO) ("ADT") as defendant in Case No. 4:13-CV-944-A ("944") and Ally Financial Corp (GMAC) ("Ally") as the defendant in Case No. 4:13-CV-945-A ("945"). Plaintiff was permitted to proceed <u>in forma pauperis</u> in each of the cases. Before ordering service of process, the court routinely reviews each complaint in a case such as these to determine whether the court's jurisdiction has been properly invoked, and whether the complaint, or any portion thereof, is

frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

The entirety of the text in plaintiff's 944 complaint was the following:

> Charge of Discrimination
> Disabilities Act of 1990
> Retaliation due to prior complaint (EEOC) (charge)
> Section 704(a) of Title VII of Civil Rights Act of 1964 Violation.

944 Compl. at 1. Attached to the 944 complaint, but not mentioned in the complaint, was a copy of a Charge of Discrimination plaintiff apparently filed with the EEOC on August 22, 2013, in which the following entries were made under the heading "The Particulars Are":

> **Personal Harm:**
> On June 24, 2013, Sonya Slaughter has given potential employers negative reference checks in my regard, and giving them the impression that I should be regarded as disabled. I feel this is ongoing discrimination and retaliation from filing a previous EEOC charge.
>
> **Respondents [sic] Reason for Adverse Action:**
> Abandonment of a call
>
> **Discrimination Statement:**
> I believe that I have been discriminated against because of my disability, in violation of the American [sic] with Disabilities Act of 1990, as amended, and retaliation from filing a previous charge on protected activity, in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

The entirety of the text in the 945 complaint was as follows:

> Violation of Disabilities Act of 1990
> Retaliation due to prior complaint (charge) (EEOC)
> Section 704(a) of Title VII of Civil Rights Act of 1964 Violation.

945 Compl. at 1. Attached to the 945 complaint, but not mentioned in the complaint, was a copy of a Charge of Discrimination plaintiff apparently filed with the EEOC on August 22, 2013, in which the following entries were made under the heading "The Particulars Are":

> **Personal Harm:**
> Since around 2011, Manny Gonzales and Chris Thompson have been giving potential employers negative reference checks in my regard, and giving them the impression that I should be regarded as disabled. This is retaliation for filing a former EEOC charge.
>
> **Respondents [sic] Reason for Adverse Action:**
> None given
>
> **Discrimination Statement:**
> I believe that I have been discriminated against because of my disability, in violation of the American [sic] with Disabilities Act of 1990, as amended, and retaliation from filing a previous charge on protected activity, in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

On December 26, 2013, the court issued an order in each of the captioned cases informing plaintiff that the allegations of her complaint were not sufficient and ordering plaintiff to file in each case by 4:00 p.m. on January 17, 2014, an amended

complaint that complies with the applicable Federal Rules of Civil Procedure and the applicable Local Civil Rules of this court. Each order explained to plaintiff the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

On January 15, 2014, plaintiff filed in each of the captioned actions a document titled "Statement of Claim" that started out in each instance with a repeat of the exact language plaintiff had used in the items she filed November 25, 2013. In each instance, that language was followed by a narrative description of events. The narrative description of events described in each instance difficulties plaintiff had with fellow employees, apparently during her employment with Ally from April 2008 to January 2011 and her employment with ADT from April 2012 to July 2012. However, no facts, as opposed to conclusions, were alleged that would, if accepted as true, state a Title VII employment discrimination cause of action against the defendant in either of the cases.

The court cannot infer from anything alleged by plaintiff in either of the cases that facts exist that would suggest that plaintiff has a plausible Title VII claim against the defendant. Simply having an unpleasant work situation, which is all plaintiff alleged in either case, does not give rise to a Title

VII claim. Mere conclusory allegations, such as plaintiff made, are not sufficient to state a cause of action upon which relief may be granted.

For the reasons stated above, the court, pursuant to the authority of 28 U.S.C. § 1915(e)(2)(B)(ii), is dismissing each of the above-captioned actions.

Therefore,

The court ORDERS that each of the above-captioned actions, and all claims asserted therein by plaintiff, be, and are hereby, dismissed.

SIGNED February 7, 2014.

_____
JOHN McBRYDE
United States District Judge